UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**JAMAAL ALI BILAL,**

    **Plaintiff,**

v.                                         Case No. 3:23cv4754-TKW-HTC

**JEFFREY BENOIT, et al.,**

    **Defendants.**

_____/

## **ORDER**

This case is before the Court based on the magistrate judge's Report and Recommendation (R&R) (Doc. 30) and Plaintiff's "Response in Opposition to the Report & Recommendation" (Doc. 32). The Court will treat Plaintiff's "Response" as an objection to the R&R under Fed. R. Civ. P. 72(b)(2).

The Court reviewed the issues raised in the objection de novo as required by 28 U.S.C. §636(b)(1) and Fed. R. Civ. P. 72(b)(3), and based on that review, the Court agrees with the magistrate judge's recommended disposition.[1] The arguments raised in Plaintiff's objection are meritless and the Court sees no need to individually

---

[1] Rule 72(b)(2) gives the opposing parties 14 days to respond to an objection, but the Court sees no need for a response from Defendants because the arguments in Plaintiff's objection are meritless and holding the objection for the 14-day response period would only serve to further delay disposition of this case.

address them because they are sufficiently refuted by the magistrate judge's analysis in the R&R, with which the Court fully agrees.

That said, the Court will briefly address Plaintiff's argument that the magistrate judge "lacked subject matter jurisdiction to make rulings in this case without the consent of Plaintiff." Doc. 32 at 1. This argument is meritless because this case was referred to the magistrate judge under 28 U.S.C. §636(b), not §636(c). *See* N.D. Fla. Loc. R. 72.2(E). The parties' consent is required for the magistrate judge to enter judgment under §636(c), but it is not required where (as here) the case is referred to the magistrate judge to rule on pretrial matters and prepare a report containing proposed findings of fact, proposed conclusions of law, and a recommended disposition under §636(b). *See United States v. Varnado*, 447 F. App'x 48, 49 (11th Cir. 2011) (citing *Thomas v. Whitworth*, 136 F.3d 756, 758 (11th Cir. 1998)).

Accordingly, it is **ORDERED** that:

1. The magistrate judge's R&R is adopted and incorporated by reference in this Order.

2. Defendant Hodges' motion to dismiss (Doc. 17) is **GRANTED** to the extent that all federal claims against Hodges are **DISMISSED WITH PREJUDICE**.

Case No. 3:23cv4754-TKW-HTC

3. Defendant Escambia County Sheriff Office (ECSO)'s motion to dismiss (Doc. 23) is **GRANTED** to the extent that all federal claims against the ECSO are **DISMISSED WITH PREJUDICE**.

4. Pursuant to the Court's inherent authority, all federal claims against the unserved Defendants are **DISMISSED WITH PREJUDICE** as frivolous.

5. Plaintiff's motions to remand (Docs. 9, 29) are **DENIED AS MOOT**.

6. Defendant ECSO's motion to strike Plaintiff's corrected amended complaint (Doc. 26) is **DENIED AS MOOT**.

7. Plaintiff's state law claims are **REMANDED** to the Circuit Court of the First Judicial Circuit in and for Escambia County, Florida.

8. The Clerk shall enter judgment in accordance with this Order and close the case file.

**DONE and ORDERED** this 8th day of May, 2023.

_____
**T. KENT WETHERELL, II
UNITED STATES DISTRICT JUDGE**

Case No. 3:23cv4754-TKW-HTC